UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIELLE COLLINGSWORTH**
 **Plaintiff,**
v.              CASE NO.:6:20-cv-327

**DANIA MONTEJO DDS, PA,** A Florida Corporation,
**SOSA DENTAL, P.A.,** A Florida Corporation, and
**DR. DANIA SOSA,** Individually
 **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **DANIELLE COLLINGSWORTH** by and through her undersigned counsel, sues Defendants, **DANIA MONTEJO DDS, PA,** and **SOSA DENTAL, P.A.,** ("Corporate Defendants) and **DR. DANIA SOSA,** (hereinafter "Defendants"), and alleges as follows:

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. The unlawful employment practices alleged were committed within Brevard County, Florida.

3. Plaintiff is and has been a resident of Brevard County, Florida, at all times material herein.

4. Defendant, **DANIA MONTEJO DDS, PA**, is an inactive Florida Corporation with its principal place of business located in Brevard County Florida.

5. Defendant, **SOSA DENTAL, PA**, is a Florida Corporation organized and existing under the laws of the State of Florida with its principal place of business located in Brevard County Florida.

6. Defendant, **DR. DANIA SOSA** is and has been a resident of Brevard County, Florida, at all times material herein.

7. Plaintiff was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

8. Defendants are an employer as defined by FLSA, 29 U.S.C. § 203(d).

9. This action arises under FLSA, 29 U.S.C. § 206(a)(1). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

10. At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 206(a).

11. At all times material hereto, Defendants were engaged in interstate commerce per 29 U.S.C. §203(s) because it had employees who handled goods, materials and supplies which moved in interstate commerce.

12. At all times material hereto, Defendants had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

13. At all times relevant Defendants operated a Dental Office with its principle place of business at 780 E. Merritt Island Causeway, Suite 6c Merritt Island, FL 32952

14. At all times relevant to this action Defendant, Dr. Dania Sosa owned and operated Dania Montejo DDS, PA and Sosa Dental, PA and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees of and (c) control the finances and operations of the Corporate Defendants. By virtue of having regularly exercised that authority on behalf of the Corporate Defendants, Dr. Dania Sosa is/was an employer as defined by 29 U.S.C. §201, et seq.

15. Plaintiff does not possess the complete records relating to her work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

16. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

17. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent her interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

## General Allegations

18. Plaintiff worked for the Defendants until approximately January 29, 2020.

19. At all times material, Plaintiff was a non-exempt, hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

20. At all times material, Plaintiff's regular rate of pay was $25.00 per hour.

21. During Plaintiff's tenure with Defendants, she worked in excess of 40 hours in a workweek but was not paid overtime compensation as required by the FLSA.

22. During Plaintiff's tenure, she earned but did not receive at least a minimum wage for each hour worked.

## COUNT I- UNPAID OVERTIME COMPENSATION

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this Complaint, as if set forth in full herein.

24. During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours a week but was not paid overtime compensation as required by the FLSA

25. Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per week.

26. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

27. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which she may be entitled, including, but not limited to:

- A. Judgment for unpaid overtime compensation;
- B. Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.
- C. An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and
- D. All other damages to which Plaintiff may be entitled.

## COUNT II: BREACH OF CONTRACT
## UNPAID WAGE

29. Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this Complaint as set forth in full herein.

30. This is an action for unpaid wages owed to the Plaintiff and attorneys fees and costs are awardable pursuant to Florida Statue 448.08.

31. At all times material hereto, Plaintiff was employed by Defendant.

32. Plaintiff and Defendants entered into an oral employment agreement wherein Plaintiff would provide services for the benefit of Defendants to which Defendants would compensate Plaintiff.

33. On or about January 29, 2020 Plaintiff's employment with the Defendants ended.

34. Defendants agreed to pay the Plaintiff at a rate of $25.00 per hour.

35. Plaintiff is owed for hours which she worked for the Defendants yet remains uncompensated.

36. Plaintiff fully complied with the terms of the parties' agreement by performing her job duties in a professionally competent manner.

37. Defendants breached the agreement by failing to pay Plaintiff her wages owed for her employment.

38. Plaintiff was damaged as a result of wages being withheld by Defendants.

39. Defendant's actions were willful and not in good faith.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which they may be entitled, including, but not limited to:

A. Judgment for the back pay found to be due and owing to the Plaintiff.

B. Award of reasonable attorney's fees, cost and interest incurred herein; and

C. Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 25th day of February 2020.

**ARCADIER, BIGGIE &WOOD, PLLC.**

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Maurice Arcadier, Esquire
Florida Bar No.: 0131180
Attorneys for Plaintiff

2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: Office@ABWlegal.com
Secondary Email: Wood@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075