UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

DANIELLE COLLINGSWORTH,	CASE NO: 6:20-CV-327-Orl-37GJK

    Plaintiff,

vs.

DANIA MONTEJO DDS, P.A.,
a Florida corporation, SOSA DENTAL P.A.,
a Florida corporation, and DR. DANIA SOSA,
individually,

    Defendants.
_____/

## UNOPPOSED MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**COMES NOW,** the Defendants, DANIA MONTEJO DDS, P.A., a Florida corporation, SOSA DENTAL, P.A., a Florida corporation, and DR. DANIA SOSA, individually, individually, by and through their undersigned counsel, and pursuant to Local Rule 3.01, file their motion in limine in this cause, and for grounds states as follows:

1. This motion seeks to prevent the Plaintiff from the introduction of evidence relating to the retainer paid to the Defendants' prior counsel in this case and from introducing any evidence concerning the check for that retainer being returned for insufficient funds.

2. In papers filed with this Court, the Plaintiff has asserted that the check for the retainer to the Defendants' prior counsel in this case was returned for insufficient funds. See Doc 42 at ¶ 16. The Plaintiff again alluded to this issue at the Deposition of the Defendant Dr. Dania Sosa taken on March 29, 2021.

3. The purpose of a motion in limine is to enable the Court to rule in advance of trial on the relevance of certain forecasted evidence as to issues that are

definitely set for trial, without lengthy argument at, or interruption of, the trial. Dover v. R.J. Reynolds Tobacco Co., 2014 WL 4723116 (M.D. Fla. 2014). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence more probable or less probable than it would be without the evidence. Id. This evidence of a claimed event occurring after the filing of the instant complaint and not involving the Plaintiff, is totally outside even the broadest bounds of relevancy as it simply has nothing to do with any of the issues presented by the Complaint or any denials or defenses raised by Defendants.

4. Even were the evidence to have some minimal probative value the evidence should be excluded under Fed.R.Evid. 403 as any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury as it has an undue tendency to suggest decision on an improper basis. See e.g. Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063 (11th Cir. 2014).

**WHEREFORE,** Defendants demand that this Court enter its order in limine excluding any evidence concerning the check for the retainer to Defendants' prior counsel being returned for insufficient funds, and for such other and further relief as to the Court appears just and proper.

### LOCAL RULE 3.01(G) CERTIFICATION

a. The movants certify that they have conferred with the opposing party.

b. The parties agree on the resolution of the motion.

c. The conference occurred by email exchange.

**CERTIFICATE OF SERVICE**

 **I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been furnished via e-mail delivery to Joseph C. Wood, Esquire, Office@ABWlegal.com and Wood@ABWlegal.com, and to the Defendants, Dania Montejo DDS, P.A., a Florida corporation, Sosa Dental, P.A., a Florida corporation, and Dr. Dania Sosa, individually, 780 E. Merritt Island Causeway, #6C, Merritt Island, Florida 32952, daniasosa@yahoo.com, on this 26th day of August, 2021.



       **Douglas D. Marks, Esquire**
       Florida Bar No. 0277126
       DOUGLAS D. MARKS, P.A.
       Mailing Address:  P.O. Box 33790
       <u>Indialantic, Florida 32903-0790</u>
       Physical Address:  310 5th Avenue
       Indialantic, Florida 32903
       Telephone: (321) 419-0948
       Facsimile: (321) 419-0965
       Primary e-mail:  dmarks@markslawbrevard.com
       Secondary e-mail:  rcortes@markslawbrevard.com
       Attorney for Defendants